## MILLEDGEVILLE OIL MILLS *v.* WILKINSON.

BECK, J. 1. The plaintiff's petition as amended was sufficient to withstand the demurrers filed by the defendant, and the court below did not err in overruling them.

2. While there were some slight inaccuracies in the court's charge upon the subject of the mortality and annuity tables introduced in evidence, they were not of such a nature as to require the grant of a new trial.

3. The charge of the court as a whole was full, fair, and complete; and no material error appears in the excerpts of the charge which are attacked as erroneous in the motion for a new trial.

4. No error appears in the other rulings complained of, and there was sufficient evidence to support the verdict.

*Judgment affirmed. All the Justices concur.*

JULY 15, 1910.

Action for damages. Before Judge Lewis. Baldwin superior court. April 19, 1909.

It was alleged in the petition, that the plaintiff was employed in the mill of the defendant as a mill hand, and was subject to orders of the superintendent; that he was directed by the latter to sharpen certain knives upon an emery wheel operated by steam power, in connection with which there were mechanical devices of a nature unknown to petitioner; that while engaged in performing this work a piece of steel from one of the knives was broken off by the wheel and thrown into petitioner's right eye, thereby destroying the sight of the same; that petitioner was without experience

in operating machinery of the character of that described in the petition, and this was known to the defendant; that plaintiff was directed by the superintendent to hold the knives against the wheel with his hand, and that to do so necessitated his standing in front of the wheel; that the frame carrying the emery wheel was defective, in that it had no proper feed or guide to regulate the pressure of the knife on the wheel, and that the guide did not properly place the knife; which defects were known to the defendant and unknown to petitioner; that the defendant was negligent in furnishing plaintiff with a defective and dangerous machine upon which to sharpen the knives, and in placing petitioner in a position of danger, and in failing to warn petitioner of the dangerous position and of the dangerous and defective character of the machine, and in failing to instruct petitioner as to the safe and proper use and operation of the machine; that the position occupied by petitioner in front of the wheel was the place indicated to him by the defendant's machinist and superintendent as the proper position; that the position thus indicated was a dangerous one, because it was where the wheel would likely cast fragments broken from the wheel or instrument being ground; that the danger of this position was not so obvious and plain that a person of petitioner's inexperience in the use of such a wheel or of machinery generally could have discovered it by the exercise of ordinary care, and petitioner had not discovered such danger prior to the injury complained of, but the danger was discernible to a person skilled in the use of machinery and was known to defendant's superintendent and machinist; that because of the defects described and the high speed with which the wheel was operated, the same was rendered dangerous, especially to an inexperienced operator; that petitioner was an ordinary mill hand, entirely without experience in the operation of machinery like that referred to; that the defendant was negligent in that its superintendent and machinist directed plaintiff to adjust the knife to the stone by the use of a hand attachment, and did not notify and direct him to use the automatic adjuster then adjusted to the carriage of said machine.

The defendant demurred generally; also specially, upon the ground that it did not appear from the petition that it was the duty of the defendant to warn the plaintiff that the place was dangerous, nor why it was dangerous, nor in what the danger consisted,

nor why such danger was not within the knowledge of the plaintiff, nor why the plaintiff did not have as full an opportunity to know of the danger as the defendant had; that the plaintiff did not state in what consisted the defect or danger of the machine furnished, nor whether the defect was latent or apparent, whether obvious or concealed, nor in what the same consisted; and that it did not appear from the petition what or why instructions were necessary as to the use of the machine, or why any warning of danger was required of the master to an adult servant.

*Allen & Pottle* and *N. E. & W. A. Harris,* for plaintiff in error.
*Hines & Vinson,* contra.